NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2311
_____

ROBIN CLARK

Appellant
v.

PHILADELPHIA HOUSING AUTHORITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-14-cv-05460)
District Judge:  Hon. Cynthia M. Rufe
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 28, 2017
_____

Before:  AMBRO, VANASKIE and RESTREPO, *Circuit Judges*

(Filed:  August 14, 2017)
_____

OPINION*
_____

VANASKIE, *Circuit Judge.*

_____

  * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Appellant Robin Clark asserted multiple violations of her rights, both under state law and under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq., by her employer, the Philadelphia Housing Authority (PHA). Most notably, Clark alleged that she had been punished and ultimately fired for taking time off from work, even though she was rightfully entitled to take the time pursuant to the FMLA. The District Court granted the PHA's motion to dismiss for failure to state a claim, dismissing Clark's federal claims with prejudice and her state claims without prejudice. For the following reasons, we will affirm the District Court's dismissal order.

I.

Clark was hired by the PHA in 1997 and fired in 2002, before being reinstated by an employment arbitration decision in 2004. The 2002 termination was precipitated by what Clark called a violation of her rights under the FMLA. After being reinstated, Clark maintained that the PHA continued to take negative employment action against her. The specific complaints alleged by Clark were outlined by the District Court as follows: Clark completed work that should have merited a higher title or higher pay from as early as 2004; she was demoted amid layoffs in 2007 from Clerk II to Clerk I, but she still completed the same job functions as Clerk II for lower pay; she was not promoted to Clerk II in 2007, even though others had been promoted; in 2009, PHA failed to address a grievance she had filed with her union; and finally, in 2014, PHA changed the requirements for a Hearing Coordinator position, necessitating a college degree, something Clark did not possess. (App. a5). Clark claimed that all of this occurred because she had exercised and continued to exercise her rights under the FMLA.

2

In April 2014, Clark told supervisors that she would again need to take leave due to a serious medical condition but, according to Clark, PHA did not offer her leave under the FMLA. Instead, she had to use her accrued sick time. Upon returning to work, she alleged that she received a poor review where the PHA focused on her attendance. Specifically, the written performance review stated, "Ms. Clark can improve on her attendance record to enhance her career potential even further." (App. a23-24).

On September 22, 2014, Clark initiated this action against the PHA, asserting both state and federal claims. In December of that same year, Clark filed an amended complaint. The PHA filed a motion to dismiss the amended complaint for failure to state a claim upon which relief may be granted. In April of 2015, the District Court granted the PHA's motion and dismissed Clark's FMLA claims with prejudice and her state law contract claim without prejudice. Clark moved for reconsideration and, before the district court ruled on that motion, she timely appealed. The District Court ultimately denied her reconsideration motion.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291. We exercises de novo review of the District Court's decision to dismiss a complaint for failure to state a claim. *Max v. Republican Comm. Of Lancaster Cnty.*, 587 F.3d 198, 200 (3d Cir. 2009).

## III.

The District Court first concluded that all actions that took place before September 22, 2011, such as her being compelled to work "out of class" in 2004, her alleged

3

demotion in 2007, and the PHA's failure to address a grievance she filed in 2009, were time-barred.[1] In determining that the statute of limitations barred these claims, the District Court rejected Clark's invocation of the "continuing violations" exception to the statute of limitations.

On appeal, Clark does not invoke the continuing violations doctrine. Indeed, she does not address directly the District Court's statute of limitations ruling in either her principal or reply brief. Instead, she argues that the District Court erroneously applied a heightened pleading standard in concluding that she failed to plead an actionable FMLA retaliation claim. Specifically, Clark claims that the District Court erred in failing to accept as true her assertion that a pattern of antagonism due to her intermittent use of FMLA leave dating back to 2004 supports a finding that the alleged adverse employment actions she purportedly suffered in 2013 and 2014 were in retaliation for the exercise of her FMLA rights.

While at the motion to dismiss stage one does not have to plead all factual allegations with specificity, a claimant still has to allege facts sufficient to show that her claims are "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In *Phillips v. County of Allegheny*, we held that the factual allegations must be enough to "raise a right to relief above the speculative level." 515 F.3d 224, 234 (3d Cir. 2008). Put simply,

---

[1] To assert a timely claim under the FMLA, a plaintiff must file suit no later than two years after the date of the last event constituting the alleged violation. 29 U.S.C. § 2617(c)(l). The limitations period can be extended to three years if the violation is willful. 29 U.S.C. § 2617(c)(2). Assuming the violations were willful in this case, the District Court correctly determined that the limitations period would preclude any claims that accrued more than three years before the commencement of this action in 2014.

4

there has to be enough in the complaint to suggest that discovery will reveal evidence of every necessary element of the claim. *Id.* Thus, to assert a retaliation claim under the FMLA, the plaintiff must allege facts from which it may be inferred that (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment action, and (3) the adverse action was causally related to her invocation of rights. *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301–02 (3d Cir. 2012). As to the causation prong of this tripartite test the plaintiff may rely upon "either an (1) unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing…." *Budhun v. Reading Hosp. and Medical Ctr.,* 765 F.3d 245, 258 (3d Cir. 2014).

Clark asserts that there was a pattern of antagonism sufficient to support an inference of retaliatory motive for the ultimate failure to be promoted in 2013 and 2014, when others in her department were promoted. She also claims that the PHA changed the requirements for the position of Hearing Coordinator in 2014 to include a college degree in order to make her ineligible for the position in retaliation for her exercise of FMLA rights. This pattern of harassment, according to Clark, arises from the following PHA actions: (1) forcing her to work out of class from 2004 forward; (2) failing to promote her from 2007 forward; and (3) failing to process her 2009 grievance.

The shortcoming of this argument is that Clark alleged no adverse employment action whatsoever from 2009 to 2013. As the District Court aptly noted, "[t]his four year gap is fatal to showing a pattern in this case." (App. 9). Clark cannot escape this conclusion by asserting that there was a continuing failure to promote her from 2009 to

5

2013 or that there was a continuing failure to process her 2009 grievance for allegedly working "out of class." The amended complaint simply does not allege facts that support a reasonable inference that the failure to receive a promotion in 2013 or the change in the eligibility for the Hearing Coordinator position were due to a desire by the PHA to retaliate against Clark because she exercised her rights under the FMLA years earlier.

Clark does allege that she received an adverse performance review after she sought, but was denied, FMLA leave in April of 2014. That performance review, which simply noted that she "can improve on her attendance record to enhance her career potential even further," does not constitute an adverse employment action sufficient to support her retaliation claim. The Supreme Court has defined an adverse employment action as a "significant change in employment status, such as hiring, firing, failing to promote, reassignment, or a decision causing a significant change in benefits." *Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742, 749 (1998). In the context of this case, Clark must allege facts from which it could be inferred that the unfavorable performance review adversely affected the terms or conditions of her employment. *See Weston v. Pennsylvania*, 251 F.3d 420, 431 (3d Cir. 2001), *overruled in part on other grounds by*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 (2006) (written reprimands did not constitute adverse employment action sufficient to support a retaliation claim). Clark has failed to allege any facts that suggest that this statement in her performance review somehow adversely affected the terms or conditions of her employment.

Clark's final claim, interference under the FMLA also lacks sufficient merit. To state a claim for interference under the FMLA, a plaintiff must establish:

6

(1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA.

*Ross v. Gilhuly*, 755 F.3d 185, 191–92 (3d Cir. 2014) (quoting *Johnson v. Cmty. Coll. of Allegheny Cnty.*, 566 F.Supp.2d 405, 446 (W.D. Pa. 2008)).  An employer interferes with one's rights under the FMLA by refusing to authorize FMLA leave or by discouraging an employee from using such leave.  29 C.F.R. § 825.220(b).

Clark bases her interference claim on the allegation that she was required to use one week of accumulated sick leave in April 2014 because her employer failed to offer her FMLA leave.  As the District Court correctly stated, the FMLA provides that "[a]n eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or medical or sick leave of the employee for leave provided."  29 U.S.C. § 2612(d)(2)(B).  At no point does Clark suggest that she was not able to take FMLA leave upon returning to work or after she used the accrued time.  As such, the District Court properly dismissed this claim.[2]

IV.

For the foregoing reasons, we will affirm the Order of the District Court entered April 22, 2015 dismissing Clark's federal claims with prejudice and her state claim without prejudice.

---

[2] Clark alleges that the District Court improperly abdicated jurisdiction of her state law claims because it had incorrectly dismissed her federal claims.  Because she has not shown that she has a viable federal claim, the District Court acted well within its discretion to decline to exercise supplemental jurisdiction.  28 U.S.C. § 1367(a), (c)(3).